Tufte, Justice, concurring in part and dissenting in part.
[¶37] I concur in the majority opinion except as to Part VI. Respectfully, I do not agree that the statement "[t]he court may in its discretion award to the defendant reasonable actual or statutory costs or both," N.D.C.C. § 32-15-32, should be read to preclude an award of costs to the defendant here. The result reached by the majority is not consistent with the unambiguous language enacted into statute. The majority concludes that N.D.C.C. § 32-15-32 precludes an award of costs to a governmental defendant by reading N.D.C.C. § 32-15-18(2) to redefine "defendant" as *491 the plaintiff landowner when the suit is one of inverse condemnation. Lenertz's complaint did not style the City of Minot as the plaintiff as required by § 32-15-18(1), nor did he style himself as the defendant of his own complaint as apparently required by § 32-15-18(2). It would be an unusual complaint that is served and filed by a "defendant." A "defendant" is "[a] person sued in a civil proceeding." Black's Law Dictionary 508 (10th ed. 2014). A "plaintiff" is "[t]he party who brings a civil suit in a court of law."Id. at 1336. During the time period when § 32-15-32 was enacted, our statutes defined these terms similarly: "There shall be in this state but one form of action ... denominated a civil action. In such action the party complaining shall be known as the plaintiff and the adverse party as the defendant." N.D.R.C. § 32-0109 (1943).
[¶38] As accurately described by the majority, we have explained that inverse condemnation claims arise under Chapter 32-15, which speaks only in terms of ordinary direct condemnation. The result reached by the majority likely reaches the policy outcome the Legislative Assembly would have desired had it enacted legislation to address a request for costs by a prevailing municipality defendant in an inverse condemnation suit. Here the Court interprets plain statutory text to mean the opposite of its ordinary meaning. In the context of the chapter, the Legislative Assembly may well have intended the ends of awarding costs to landowners, but it enacted statutory means that require the opposite. I do not think it is an absurd result to award costs to a prevailing municipality under these circumstances, so I would apply the statutory language as enacted and not follow Alice through the looking glass to a place where a word can mean its opposite.
"When I use a word," Humpty Dumpty said in rather a scornful tone, "it means just what I choose it to mean-neither more nor less." "The question is," said Alice, "whether you can make words mean so many different things." ... "That's a great deal to make one word mean," Alice said in a thoughtful tone. "When I make a word do a lot of work like that," said Humpty Dumpty, "I always pay it extra."
Lewis Carroll, Through the Looking-Glass (1871).
[¶39] I respectfully dissent as to part VI.
[¶40] Jerod E. Tufte